**Electronically Filed
Supreme Court
SCPW-18-0000978
24-JAN-2019
12:13 PM**

SCPW-18-0000978

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

MILAGROS LEANO CASTRO and BENNY F. CASTRO, Petitioners,

vs.

THE HONORABLE JEANNETTE H. CASTAGNETTI, Judge of the Circuit Court of the First Circuit, State of Hawaiʻi, Respondent Judge,

and

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR STRUCTURED ASSET INVESTMENT LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-4; OWAWA HOMEOWNERS' ASSOCIATION; CACH, LLC; ASSOCIATION OF APARTMENT OWNERS OF VALLEYVIEW MELEMANU WOODLANDS, Respondents.

---

ORIGINAL PROCEEDING
(CIV. NO. 14-1-0808)

ORDER DENYING PETITION FOR WRIT OF MANDAMUS
AND WRIT OF PROHIBITION
(By: Recktenwald, C.J., Nakayama, McKenna, Pollack, and Wilson, JJ.)

Upon consideration of petitioners Milagros Leano Castro and Benny F. Castro's "Real Emergency Petition for a Writ of Mandamus with Prohibition and Prayer for Restraining Order and Permanent Injunction," filed on December 31, 2018, and the "Amended Real Emergency Petition for a Writ of Mandamus with Prohibition and Prayer for Restraining Order and Permanent Injunction," filed on January 17, 2019, the respective supporting documents, and the record, it appears that petitioners, who currently have an appeal pending in CAAP-18-0000761, fail to

demonstrate that they have a clear and indisputable right to the relief requested from this court and that they lack alternative means to seek relief. Petitioners, therefore, are not entitled to the requested extraordinary writ. See Kema v. Gaddis, 91 Hawai'i 200, 204-05, 982 P.2d 334, 338-39 (1999) (a writ of mandamus is an extraordinary remedy that will not issue unless the petitioner demonstrates a clear and indisputable right to relief and a lack of alternative means to redress adequately the alleged wrong or obtain the requested action; such a writ is not intended to supersede the legal discretionary authority of the lower court, nor is it intended to serve as a legal remedy in lieu of normal appellate procedures); Gannett Pac. Corp. v. Richardson, 59 Haw. 224, 226, 580 P.2d 49, 53 (1978) (a writ of prohibition is an extraordinary remedy; it is not meant to serve as a legal remedy in lieu of normal appellate procedures). Accordingly,

IT IS HEREBY ORDERED that the petition for writ of mandamus is denied.

DATED: Honolulu, Hawai'i, January 24, 2019.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson

2